OPINION
 Statement of the Facts and Case
Appellant Jocelyne Kenyon was backing her vehicle out of a grocery store lot located at 653 Union Avenue in Alliance, Ohio, after buying a newspaper. Appellant looked into her right, left and rear-view mirrors before backing her vehicle out of the parking space. Appellant did not observe any other vehicles or pedestrians. Nevertheless, in the course of backing out of the parking space, appellant struck Appellee Linda Massalsky's vehicle near the rear bumper.
As a result of the accident, appellee filed a complaint in the Alliance Municipal Court, Small Claims Division, against appellant, alleging that appellant negligently operated her vehicle and caused damage to appellee's vehicle. The matter came to trial on October 21, 1997. At the conclusion of the trial, appellee was awarded $629.21, plus interest and costs. It is from this verdict that appellant prosecutes this appeal raising the following sole assignment of error:
 THE TRIAL COURT'S JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In her sole assignment of error, appellant maintains the trial court erred by entering a verdict which was against the manifest weight of the evidence. Appellant contends that the record clearly indicates that she acted in a reasonable manner and therefore, should not be liable for the damage she caused. Furthermore, appellant argues that she could not have caused all of the damage alleged by appellee and that the trial court thus erred in finding her liable for it.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
When applying the aforementioned standard of review to the case sub judice, upon our review of the entire record, we find that the trial court did not stumble away from a firm foundation in credible evidence when making his decision in this case. We do not disagree with the judge's resolution of the testimony and other facts in this case.
Appellant did not raise any alternative theory to explain the damage to appellee's vehicle. A police officer testified that the damage was consistent with the accident as described to him at the scene. Tr. at 13. Furthermore, appellant also did not object when a written estimate of damages was provided to the trial court by appellee. Tr. at 5. Therefore, we find it was reasonable for the judge to conclude that appellant was the cause of the damage to appellee's vehicle. Furthermore, we find the evidence supported a finding that appellant negligently caused the accident to appellee's vehicle.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Alliance Municipal Court, Stark County, Ohio, is affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Alliance Municipal Court, Stark County, Ohio, is affirmed.